# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARY L. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0132-CVE-TLW |
| | ) | |
| CITY OF MIAMI, OKLAHOMA, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss and Brief in Support (Dkt. # 11). Plaintiff Gary L. Anderson filed Plaintiff's Response to Motion to Dismiss (Dkt. # 13), and defendant City of Miami, Oklahoma filed a Reply in Support of Motion to Dismiss (Dkt. # 14).

**I.**

This case arises out of Anderson's termination from the City of Miami, Oklahoma (the City) police department on February 16, 2011. Dkt. # 2, at 2. Anderson, "the long-term police chief" of the City's police department, filed an appeal within two days of his termination, demanding appeal rights under the Police Pension and Retirement System provided by OKLA. STAT. tit. 11, § 50-123.[1] Id. In response, the City sent Anderson a letter stating that any appeal of his termination would be

---

[1] Under OKLA. STAT. tit. 11, § 50-123, qualifying municipalities are required to establish a board of review to hear appeals concerning the discharge of eligible police officers. "The board of review shall consist of the mayor, ex officio, who shall be a voting member, and four members to be appointed by the governing body of the participating municipality . . . ." OKLA. STAT. tit. 11, § 50-123(A). This requirement does not apply to municipalities that have "established by [their] charter civil service or merit system pertaining to the appointment and discharge of members and an independent board or commission having authority to hear actions involving the discharge of members." Id. § 50-123(B).

limited to review by the city manager. Id. Anderson subsequently filed his complaint,[2] in which he claims that defendant's actions violated 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. Id. at 1. He claims that, as a result, he is entitled to approximately $500,000 as compensation for the loss of his former position, and that he has suffered emotional distress. Id. at 2. Consequently, he requests damages in the amount of $750,000 plus interest, as well as costs, attorney fees, and injunctive relief. Id. at 2.

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that plaintiff failed to establish that the City's actions deprived him of a federal right, and that he failed to state a claim for procedural due process. Dkt. # 11. In plaintiff's response, he contends that he had properly stated a claim for both substantive and procedural due process. Dkt. # 13. Defendant filed a reply in support of the motion to dismiss. Dkt. # 14.

## II.

"A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may take one of two forms." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction. A factual attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." Id. Defendant does not challenge the facts upon which subject matter jurisdiction depends, but rather whether plaintiff's allegations are sufficient to state a federal claim.

---

[2] He also filed a motion for temporary restraining order and preliminary injunction. Dkt. # 3. The Court denied plaintiff's motion for a temporary restraining order, and set an evidentiary hearing on plaintiff's motion for preliminary inunction. Dkt. # 6. Plaintiff later filed a motion to strike the evidentiary hearing based on an agreement between the parties, and the hearing was stricken. Dkt. ## 7, 8.

2

Where a motion to dismiss is based on a facial attack, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Id.

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleadings standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendant argues that plaintiff's complaint should be dismissed for failure to raise a federal question and failure to state a claim under § 1983. Plaintiff's complaint centers on the refusal of the City to provide him with the appeal to which he believes he is entitled under OKLA. STAT. tit. 11, § 50-123. Dkt. # 2, at 2. It contains no allegations targeted at the sufficiency of the process provided to him by the City. Consequently, defendant argues that the complaint raises only a state law question of whether the City is required to comply with § 50-123, rather than a question of whether a federal right was violated. Dkt. # 11, at 3. Defendant argues that it was not required to comply with § 50-123, but that, even if it was, noncompliance with that section does not mean that plaintiff was denied procedural due process. Id. at 4.

**A.**

The Fourteenth Amendment to the United States Constitution prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The fundamental requirements of constitutional due process are notice and an opportunity to be heard. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). A person alleging that his right to procedural due process was violated must establish that "he possessed a constitutionally protected liberty or property 'interest such that the due process protections were applicable,' and that he was not 'afforded an appropriate level of process.'" Couture v. Bd. of Educ. of Albuquerque Pub. Sch., 535 F.3d 1243, 1256 (10th Cir. 2008)(quoting Zwygart v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Kan., 483 F.3d 1086, 1093 (10th Cir. 2007)). A threshold requirement for a plaintiff alleging a violation of his procedural due process rights is

that the plaintiff possess a protected property interest. Doyle v. Okla. Bar Ass'n, 998 F.2d 1559, 1569 (10th Cir.1993).

Property interests are not derived from the Constitution but, instead, are created by independent sources such as state or local law. Stears v. Sheridan Cnty. Mem'l Hosp. Bd. of Trustees, 491 F.3d 1160, 1163 (10th Cir. 2007). In the employment context, "[a] property interest is determined by whether the terms of employment created by contract, federal statute, city charter or an employee manual create a sufficient expectancy of continued employment to constitute a property interest which must be afforded constitutionally guaranteed due process." Graham v. City of Okla. City, Okla., 859 F.2d 142, 146 (10th Cir. 1988). Plaintiff alleges that he was a member of the Oklahoma Police Pension and Retirement System, and that he was therefore entitled to the protections of § 50-123. That section prohibits discharge of a police officer except for cause. In re City of Durant, 50 P.3d 218, 221 (Okla. 2002). Consequently, the Oklahoma Supreme Court has determined that the section "accords members a legitimate expectation of continued employment until 'cause' for discharge is shown." Id. at 222. "An employee may possess a property interest in public employment if . . . state law allows dismissal only for cause or its equivalent." Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1251 (10th Cir. 2007)(citing Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972)). Therefore, § 50-123 provides a protected property interest to those within its ambit.

Defendant contends that § 50-123 is not applicable to its employment decisions because, as a "home-rule city,"[3] "it may follow its personnel policies for post-termination hearings, even for

---

[3] The Court construes defendant's motion to assert that it is not bound by the provisions of § 50-123 because it is exempt.

those employees who are members of the Police Pension and Retirement System." Dkt. # 11, at 2. In support, it argues that a city charter supersedes conflicting state law on matters of purely municipal concern. Id. at n.2. While defendant's characterization of the home-rule doctrine is correct, the Durant court found that "[t]he protection of employment rights of policemen is not an issue of merely local municipal concern," because police protection "is unquestionably a matter of statewide interest." 50 P.3d at 222. And the parties have not addressed the City's exemption by way of a qualifying "civil service or merit system." Thus, there is an unanswered question of state law as to whether the City was required to abide by § 50-123; because the City may have obligations under that section, plaintiff has sufficiently alleged a protected property interest.

Plaintiff's only allegation in his complaint regarding the violation of his constitutional rights is that he was not given appeal rights mandated by § 50-123. "[A] breach of state procedural requirements is not, in and of itself, a violation of the Due Process Clause." Atencio v. Bd. of Educ. of Penasco Indep. Sch. Dist. No. 4, 658 F.2d 774, 779 (10th Cir. 1981). "It is not every disregard of its regulations by a public agency that gives rise to a cause of action for violation of constitutional rights. Rather, it is only when the agency's disregard of its rules results in a procedure which in itself impinges upon due process rights that a federal court should intervene in the decisional processes of state institutions." Id. Thus, "[w]hen state officials fail to comply with a state's procedural requirements, a plaintiff may only sue if that failure also violates the minimum requirement of a fair forum under the Due Process Clause." Archuleta v. City of Santa Fe, No. Civ. 04-0247JBDJS, 2005 WL 3662903, at * 4 (D.N.M. Nov. 4, 2005). Where a complaint alleges no more than a violation of a state statute, it fails to state a claim for relief. Id. at * 6; Brown v. Youth Center at Topeka, 883 F. Supp. 572, 578 (D. Kan. 1995).

6

Because it is based merely on failure to comply with a state statute, the portion of plaintiff's claim premised on violation of § 50-123 does not state a claim for violation of his constitutional rights. Therefore, the only question remaining is whether plaintiff has stated a claim that the alternate procedure offered by the City "impinged upon his due process rights." Brown, 883 F. Supp. at 578. To answer that question, the Court must determine what amount of process plaintiff was due, and what he was actually provided. The procedures required to satisfy the Due Process Clause depend on the circumstances of the specific case, but the state must at least provide notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1200 (10th Cir.2010). "When the pre-termination process offers little or no opportunity for the [individual] to present his side of the case, the procedures in the post-termination hearing become much more important." Benavidez v. City of Albuquerque, 101 F.3d 620, 626 (10th Cir.1996).

In assessing whether plaintiff has stated a claim, the Court is limited to the allegations in his complaint. Lee v. Regents of Univ. of Cal., 221 F. App'x 711, 713 (10th Cir. 2007)(unpublished)[4](citing Issa v. Comp USA, 354 F.3d 1174, 1179 (10th Cir. 2003)). Anderson's complaint does not challenge the City's pre-termination proceedings.[5] Instead, his complaint is based only on his being offered a post-termination review by the city manager, as opposed to the review process afforded by § 50-123. However, as noted, he cannot state a federal claim for relief

---

[4] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[5] The City claims that this is because Anderson was given significant pre-termination process in the form of notice of the allegations, a letter detailing the allegations, and an opportunity to respond while represented by counsel. Dkt. # 11, at 5.

7

based solely on noncompliance with state-mandated process. And the alternate review proposed by the City has not yet taken place. Indeed, the "parties have agreed that until further notice (and, hopefully, further direction by the court), Defendant will not further process Plaintiff's appeal, but will hold in abeyance both the deadline for Plaintiff to submit further information and any determination of the appeal by the city manager." Dkt. # 7, at 1.

To be justiciable, plaintiff's claims must be ripe for federal review. Thomas v. City of New York, 143 F.3d 31, 34 (2d Cir. 1998). Although defendant challenges this Court's subject matter jurisdiction, neither party specifically raised the issue of ripeness. However, "as a jurisdictional prerequisite, ripeness may be examined . . . sua sponte." Friends of Marolt Park v. United States Dep't of Transp., 382 F.3d 1088, 1093 (10th Cir. 2004). "The ripeness doctrine protects the government from judicial interference until a decision has been formalized and its effects felt in a concrete way by the challenging parties." Id. (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967)). "In determining whether an issue is ripe, [courts] must evaluate both the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration." Jackson v. Whetsel, 388 F. App'x 795, 802 (10th Cir. 2010)(unpublished)[6](internal quotations omitted).

"With respect to the first factor, we consider whether the case involves uncertain or contingent future events that may not occur as anticipated . . . ." Id. Plaintiff's claims fall into that category. He has not yet received the allegedly deficient post-termination review by the City, and "[t]he constitutional violation actionable under § 1983 [for procedural due process] is not complete . . . unless and until the State fails to provide due process." Zinermon v. Burch, 494 U.S. 113, 125

---

[6] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

(1990). This is the case because "to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." Id. As a result, where courts are asked to "declare constitutionally deficient procedures that have yet to be applied[,] [s]uch a judgment would be premature." Philadelphia Fed'n of Teachers v. Ridge, 150 F.3d 319, 324 (3d Cir. 1998). Those claims are unfit for judicial review, as claims for procedural due process are "best considered in the context of a specific factual setting." Id. at 324-25 (citing Thomas v. City of New York, 143 F.3d 31 (2d Cir. 1998)). Because plaintiff has not yet received the review he seeks to challenge, the Court would be seriously disadvantaged in any assessment of whether the substitute procedure was constitutionally adequate.

Moreover, the Court does not find that plaintiff would suffer any undue hardship if his case is allowed to develop more fully before a ruling on the merits. Morgan v. McCutter, 365 F.3d 882, 891 (10th Cir. 2004). Although plaintiff would undoubtedly prefer to have the City's process rejected prior to its implementation, forcing him to wait to bring a claim until after his review does not create undue hardship. Once he receives that review, a reviewing court will be in a far better position to assess whether it met constitutional standards.

This situation is like that in Thomas, where the Second Circuit considered a challenge to the constitutionality of a New York City law relating to the licensing requirements for livery cabs, along with its corresponding regulations. 143 F.3d at 33. The court assumed that plaintiffs had a property or liberty interest in renewal of their licenses, but found it premature to decide whether the law violated due process. Id. at 34-35. Although, on the face of the law and its regulations, it appeared that the process afforded might be constitutionally deficient, the court noted that it could not make

9

an advance judgment about exactly what form the process would take. Consequently, the Thomas court found plaintiffs' procedural due process claim not ripe for review. Id. at 35.

A similar outcome is appropriate in this case. Plaintiff's complaint alleges violations of the Fourteenth Amendment based on the appeals process the City says it will provide in lieu of the process plaintiff claims he is owed. However, at this stage, the Court is unable to determine whether the process afforded plaintiff will be constitutionally adequate; therefore, plaintiff's claim is not yet ripe for judicial review, and the Court lacks jurisdiction. Although the failure to provide the process mandated by § 50-123 does not by itself constitute a due process violation, the Court leaves open the possibility that the process ultimately provided by the City might be constitutionally inadequate.

**B.**

In his response to the motion to dismiss, plaintiff characterizes his complaint as also stating a claim for substantive due process based on the deprivation of property in the form of his job, and his consequent right to compensation. Dkt. # 13, at 4. "This," he states, "is the substantive due process claim." Id. To the extent plaintiff intends to bring this claim under the Fifth Amendment of the United States Constitution, that claim fails. "It has long been established that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments." Medina Diaz v. Gonzalez Rivera, 371 F. Supp. 2d 77, 83 (D.P.R. 2005); cf. Martinez v. Roth, 53 F.3d 342 (10th Cir. 1995)(unpublished)[7]("Any claim brought pursuant to the

---

[7] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Fifth Amendment . . . requires 'federal' rather than 'state' action."). Because plaintiff's claims are directed at the City, no Fifth Amendment due process claim is available.[8]

A claim by plaintiff for violation of his substantive due process rights under the Fourteenth Amendment would similarly fail. "Procedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision; substantive due process, on the other hand, guarantees that the state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures are that are used in making the decision." Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998). "In order to present a claim of denial of substantive due process by a discharge for arbitrary or capricious reasons, a liberty or property interest must be present to which the protection of due process can attach." Curtis v. Okla. City Pub. Sch. Bd. of Educ., 147 F.3d 1200, 1215 (10th Cir. 1998)(internal citations omitted). "Assuming a protected property interest, substantive due process requires only that termination of that interest not be arbitrary, capricious, or without a rational basis." Id.

As noted, plaintiff has sufficiently alleged a protected property interest in his continued employment with the state. The Tenth Circuit Court of Appeals appears conflicted as to what property rights are protected by the substantive due process clause. Compare Darr v. Town of

---

[8] The language used by plaintiff in his response to the motion to dismiss appears to draw on the phrasing of the Takings Clause of the Fifth Amendment, which states that "private property [shall not] be taken for public use, without just compensation." However, he characterizes his claim as one for substantive due process. Substantive due process cannot be used to do the work of the Takings Clause. Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Protection et al., 130 S.Ct. 2592, 2606 (2010). However, the Court reads plaintiff's complaint to assert not a takings claim, but one for both substantive and procedural due process. Because the due process protections of the Fifth Amendment do not apply to non-federal actors, the Court considers plaintiff's claim as one for violation of the substantive due process protections of the Fourteenth Amendment.

Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007)("A public employee with a property interest in continued employment has a substantive-due-process right not to be terminated for arbitrary or capricious reasons."); with Potts v. Davis Cnty., 551 F.3d 1188, 1193 n.1 (10th Cir. 2009)(noting that the Tenth Circuit has "not decided whether an employee with a property right in state-created employment is protected by the substantive due process clause" and citing cases holding same). However, assuming that the Tenth Circuit would find that plaintiff had a property interest protected by the substantive due process clause, plaintiff's claim would still be subject to dismissal. "In order to prevail on a substantive due process claim, [the plaintiff] must allege and prove that [the government action was] arbitrary and unreasonable . . . ." Estate of Himelstein v. City of Fort Wayne, Ind., 898 F.2d 573, 577 (7th Cir. 1990). "The fact that the [complaint] does not use the words 'arbitrary' or 'capricious' is insufficient basis to dismiss the [complaint]." McCall v. Dallas Indep. Sch. Dist., 169 F. Supp. 2d 627, 636 (N.D. Tex. 2001). "It is, however, necessary to go beyond general conclusory statements and plead facts which would support the conclusion that the action in question was arbitrary and capricious." Id.; see also Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010)("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Plaintiff's complaint fails to state a substantive due process claim. It contains no allegations that the City's actions were arbitrary or capricious, nor that it engaged in any behavior that could be construed in that light. Instead, the complaint states only that plaintiff was terminated without cause, that he was not given the proper appeal process, and that he has suffered emotional distress. Dkt. # 2, at 2. Plaintiff's allegation that he was terminated without cause is conclusory, and he does not make any claim that the City's decision not to provide him with the process to which he was due

was either arbitrary or capricious; instead, he alleges only that it was improper because of a conflicting state statute. Consequently, plaintiff's claims are insufficient to state a claim for substantive due process. The Court will, however, allow plaintiff "to replead the substantive due process claim to repair [these pleading deficiencies.]" McCall, 169 F. Supp. 2d at 637; cf. McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)("[t]he preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim . . .").

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Brief in Support (Dkt. # 11) is **granted**: it is granted for failure to state a federal claim for denial of procedural due process based solely on an alleged violation of a state statute; it is granted for lack of subject matter jurisdiction (ripeness) as to denial of constitutional procedural due process; it is granted for failure to state a claim as to denial of substantive due process, with leave to amend as stated below.

**IT IS FURTHER ORDERED** that plaintiff may, but is not required, to file an amended complaint realleging his substantive due process claim only, to cure the pleading deficiencies addressed above. Any amended complaint must be filed within one week of the date of this order, and must include specific factual allegations as to any actions by defendant that were "arbitrary and capricious." Should plaintiff fail to file an amended complaint within the time allotted, the Court will file a judgment of dismissal without prejudice.

**DATED** this 18th day of July, 2011.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT